James David CARTER, Appellant,

v.

STATE of Tennessee, Appellee.

Supreme Court of Tennessee,
at Knoxville.

Oct. 20, 1997.

Rehearing Denied Dec. 15, 1997.

Gary C. Shockley, Baker, Donelson, Bearman & Caldwell, Nashville, for Appellant.

John Knox Walkup, Attorney General and Reporter, Michael E. Moore, Solicitor General, Kathy Morante, Deputy Attorney General, John P. Cauley, C. Berkeley Bell, District Attorney General, Eric Christiansen, Assistant District Attorney General, Nashville, for Appellee.

## OPINION

DROWOTA, Justice.

We granted the petitioner, James David Carter, permission to appeal to consider whether the lower courts erred by dismissing Carter's petition for post-conviction relief upon the grounds that his claims alleging violations of *State v. Middlebrooks* 840 S.W.2d 317 (Tenn.1992) (Drowota, J. and O'Brien, J., dissenting), and *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), have been previously determined by the federal district court, and that his claim challenging the constitutionality of the reasonable doubt instruction given at his trial, is without merit.

We agree with the lower courts that the reasonable doubt jury instruction given at Carter's trial did not violate *Cage v. Louisiana,* 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990) and its progeny and that the *Bra-*

*dy* claim was previously determined by the federal district court. Moreover, even though Carter's *Middlebrooks* claim was not previously determined since the federal district court was not a "court of competent jurisdiction" to resolve the state law issue, we hold that in the context of this case, *Middlebrooks* does not preclude reliance upon the felony murder aggravating circumstance as a basis for imposition of the death penalty. Accordingly, the judgment of the Court of Criminal Appeals upholding the trial court's dismissal of Carter's petition is affirmed as modified.

## BACKGROUND

The petitioner, James David Carter, was tried on a one count indictment charging both premeditated and felony first degree murder. The jury returned a general verdict of first degree murder and sentenced Carter to death by electrocution upon finding that there were two statutory aggravating circumstances,[1] and no mitigating circumstances sufficiently substantial to call for leniency.[2] On direct appeal, the conviction and sentence were affirmed by this Court. *State v. Carter,* 714 S.W.2d 241 (Tenn.1986), *cert. denied* 479 U.S. 1046, 107 S.Ct. 910, 93 L.Ed.2d 860 (1987). Carter then filed his first post-conviction petition, which was unsuccessful. *James David Carter,* No. 304 Greene County, 1989 WL 105689 (Tenn.Crim. App., Knoxville, filed Sept. 14, 1989). Following a second unsuccessful petition for post-conviction relief, *Carter v. State,* 802 S.W.2d 223 (Tenn.Crim.App.1990), *perm. app. denied* (Tenn.1991), this Court granted the State's motion to set an execution date and designated April 3, 1991.

Thereafter, on March 13, 1991, Carter filed his original petition seeking a writ of habeas corpus in the federal district court of middle Tennessee. That court issued a stay of exe-

---

1. The murder was committed for the purpose of avoiding, interfering with or preventing a lawful arrest or prosecution of the defendant and was committed while the defendant was engaged in committing larceny and kidnaping. Tenn.Code Ann. § 39–2–203(i)(6) & (7) (1982 Repl.) (repealed), now codified at Tenn.Code Ann. § 39–13–204(I)(6) & (7) (1991 Repl. & 1996 Supp.).

2. The 1982 statute required only a showing that there were no mitigating circumstances sufficiently substantial to outweigh the aggravating circumstances. Tenn.Code Ann. § 39–2–203(g)(2) (1982 Repl.) The statute now requires that aggravating circumstances outweigh mitigating circumstances beyond a reasonable doubt. Tenn.Code Ann. § 39–13–204(f) & (g) (1991 Repl).

cution, appointed counsel, and subsequently transferred the case to the federal district court in east Tennessee. After the transfer, the petition for habeas corpus was amended. In the federal action Carter claimed that when a defendant has been convicted of felony murder, the use of the felony murder aggravating circumstance to support the sentence of death is unconstitutional. When the habeas corpus petition was filed in 1991, *Middlebrooks* had not been rendered. In that case, a majority of this Court specifically held that "when the defendant is convicted of first degree murder solely on the basis of felony murder," use of the felony murder aggravating circumstance is not permissible because it "does not narrow the class of death-eligible murderers sufficiently under the Eighth Amendment to the U.S. Constitution, and Article I, § 16 of the Tennessee Constitution because it duplicates the elements of the offense." *Id.*, 840. S.W.2d at 346. The decision in *Middlebrooks* was considered to be based on federal constitutional law [3] until this Court's subsequent decision in *State v. Howell*, 868 S.W.2d 238, 259, n. 7 (Tenn.1993), clarified that the *Middlebrooks* holding was independently based on Article 1, § 16 of the Tennessee Constitution.

Despite the independent state constitutional basis for the decision in *Middlebrooks*, the federal district court considered the claim in the habeas corpus action while ruling on the State's motion for summary judgment. By orders entered in November and December of 1994, the district court concluded that since the jury returned a general verdict of first degree murder, *Middlebrooks* does not apply to Carter's case because he was not convicted "*solely* on the basis of felony mur-

der." The federal district court also granted the State's motion for summary judgment on Carter's alleged *Brady* violations.

Following this disposition in federal court, Carter filed his third petition for post-conviction relief in state court on January 30, 1995. As grounds for relief, Carter alleged that the trial court instructions on reasonable doubt at his trial violated *Cage v. Louisiana*, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990), that the State failed to disclose exculpatory evidence in violation of *Brady* and that his sentence of death violated *Middlebrooks*. The trial court dismissed Carter's post-conviction petition, finding that the asserted violations of *Middlebrooks* and *Brady* had been previously determined by the federal district court and that the alleged error in the reasonable doubt jury instructions was without merit. The Court of Criminal Appeals affirmed the trial court's dismissal, and also found, as did the federal district court, that *Middlebrooks* does not apply unless the defendant is convicted of first degree murder "solely on the basis of felony murder." *Id.*, 840 S.W.2d at 346. Thereafter, we granted Carter's application for permission to appeal and now affirm the decision of the Court of Criminal Appeals.

### PREVIOUSLY DETERMINED

### A. Court of Competent Jurisdiction—
### *Middlebrooks*

■ The statutory provision relevant to the defense of previous determination provides that "[a] ground for relief is 'previously determined' if a court of competent jurisdiction has ruled on the merits after a full and fair hearing." [4] In this Court, Carter argues that the jurisdiction of federal district courts

---

3. Certiorari was granted in *Tennessee v. Middlebrooks*, 507 U.S. 1028, 113 S.Ct. 1840, 123 L.Ed.2d 466 (1993), and a motion to dismiss on the basis that adequate and independent state grounds supported this Court's decision was denied. *Tennessee v. Middlebrooks*, 510 U.S. 805, 114 S.Ct. 48, 126 L.Ed.2d 19 (1993). The case was argued and subsequently, before the United States Supreme Court had rendered its decision, this Court's opinion in *Howell* was released. Thereafter, certiorari was dismissed as improvidently granted. *Tennessee v. Middlebrooks*, 510 U.S. 124, 114 S.Ct. 651, 126 L.Ed.2d 555 (1993).

4. Tenn.Code Ann. § 40–30–112(a) (1990 & Supp.1994)(Repealed). By a law effective May 10, 1995, the Post–Conviction Procedure Act was completely rewritten. 1995 Public Chapter 207, § 1. The petition for post-conviction relief which is the subject of this appeal was dismissed on April 12, 1995, prior to the effective date of the law as amended. However, the new law also provides that "[a] ground for relief is previously determined if a court of competent jurisdiction has ruled on the merits after a full and fair hearing." Tenn.Code Ann. § 40–30–206(h) (1996 Supp.). Therefore, our holding in this case applies with equal force to the new law since the statutory provisions are identical.

in habeas corpus proceedings does not extend to questions of state law. Since the federal district court was not a "court of competent jurisdiction," to consider his *Middlebrooks* claim, Carter argues that the trial court and the Court of Criminal Appeals erred by concluding that the claim was previously determined. The State responds that the federal district court necessarily and appropriately considered the state constitutional issue when it decided the federal constitutional question. In addition, the State says that Carter chose to assert his *Middlebrooks* claim in the federal forum and should be bound by that court's decision on the claim.

■ It is well-settled that federal courts have the power under Article III of the United States Constitution to exercise pendent jurisdiction over state law claims. *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). However, *Gibbs* delineated only the constitutional boundaries of federal judicial power. The jurisdiction of federal courts over a particular controversy may be limited by federal statutes. *Aldinger v. Howard,* 427 U.S. 1, 13–14, 96 S.Ct. 2413, 2419–20, 49 L.Ed.2d 276 (1976). Indeed, the United States Supreme Court described the jurisdictional hierarchy as follows:

> It is apparent that *Gibbs* delineated the constitutional limits of federal judicial power.... Constitutional power is merely the first hurdle that must be overcome in determining that a federal court has jurisdiction over a particular controversy. For the jurisdiction of federal courts is limited not only by the provisions of Art. III ... but also by Acts of Congress.

*Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 371–72, 98 S.Ct. 2396, 2401–02, 57 L.Ed.2d 274 (1978). Therefore, in determining whether the federal district court was a "court of competent jurisdiction" to decide the merits of the state constitutional *Middlebrooks* claim, we must look to the federal statutes which delineate the subject matter jurisdiction of federal courts in habeas corpus actions involving state inmates.

■ We begin with 28 U.S.C.A. § 2241(c)(3) which provides that "[t]he writ of habeas corpus shall not extend to a prison-er unless ... *[h]e is in custody in violation of the Constitution or laws or treaties of the United States.*" (Emphasis added.) Likewise, 28 U.S.C.A. § 2254(a), provides that

> [t]he Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.*

(Emphasis added.) Even a cursory reading of the above statutes reveals that matters involving issues of state law are not cognizable in a habeas corpus proceeding and federal habeas corpus relief cannot be granted on state law grounds. *U.S. ex rel. Hoover v. Franzen,* 669 F.2d 433, 443 (7th Cir.1982). Congress has limited the power and jurisdiction of federal courts in habeas corpus actions to only addressing and remedying claimed violations of federal law. *Id.* Indeed, several cases explicitly state that federal courts have no jurisdiction over state law claims in habeas corpus proceedings. *See e.g. Estelle v. McGuire,* 502 U.S. 62, 65–69, 112 S.Ct. 475, 479–80, 116 L.Ed.2d 385 (1991); *Lewis v. Jeffers,* 497 U.S. 764, 783, 110 S.Ct. 3092, 3102, 111 L.Ed.2d 606 (1990); *Pulley v. Harris,* 465 U.S. 37, 41, 104 S.Ct. 871, 874–75, 79 L.Ed.2d 29 (1984); *Engle v. Isaac,* 456 U.S. 107, 119–20, 102 S.Ct. 1558, 1567, 71 L.Ed.2d 783 (1982); *Rose v. Hodges,* 423 U.S. 19, 21, 96 S.Ct. 175, 177–78, 46 L.Ed.2d 162 (1975) (Per Curiam) ("[F]ederal habeas corpus relief does not lie for errors of state law."); *Paradis v. Arave,* 954 F.2d 1483, 1493 (9th Cir.1992) ("We cannot consider the merits of this contention because federal courts lack the jurisdiction in state prisoner habeas corpus proceedings to determine whether state law was properly applied."); *Franzen,* 669 F.2d at 445 ("[F]ederal courts in habeas corpus proceedings have no jurisdiction over such state law claims"); *Guzman v. Morris,* 644 F.2d 1295, 1297 (9th Cir.1981); *Beto v. Sykes,* 360 F.2d 411, 412 (5th Cir.1966).

This limitation of habeas relief to violations of federal law becomes even more apparent when the history and purpose of the relevant

statutes is considered. Federal court jurisdiction over habeas corpus petitions brought by state prisoners was not legislatively enacted until 1867. Congress adopted the measure to ensure that state courts afforded to state prisoners the rights granted by federal law through the Civil War constitutional amendments and reconstruction legislation. *Franzen,* 669 F.2d at 443. Since the review of state court convictions by a federal district court raises concerns of federalism,[5] a state prisoner must exhaust his state remedies *before* seeking federal habeas relief. *Ex Parte Royall,* 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868 (1886); 28 U.S.C.A. § 2254 (b) & (c). This requirement alleviates the tension inherent in federal review of state convictions by affording state courts an opportunity to first correct errors of federal law. *Fay v. Noia,* 372 U.S. 391, 418–19, 83 S.Ct. 822, 837–38, 9 L.Ed.2d 837 (1963). Since federal habeas corpus review is available only as the *final* stop on a state prisoner's quest for redress of violations of *federal* rights, it would be anomalous, indeed, to conclude that a federal district court has the power to *initially* consider an alleged *state* constitutional violation. *Franzen,* 669 F.2d at 445.

█ Moreover, since this is a question of subject matter jurisdiction the State's assertion that Carter chose the forum and should now be bound by the federal court's decision is without merit. Unlike personal jurisdiction, a litigant can not confer subject matter jurisdiction upon a tribunal. *Meighan v. U.S. Sprint Communications Co.,* 924 S.W.2d 632, 638 (Tenn.1996). In addition, the State's argument that the district court's determination of the state issue was proper because the decision was made in the context of deciding a federal claim is without merit. In none of the cases cited by the State did the federal courts *first* determine an issue of state law. The state courts had already resolved the issue of state law, and the federal courts merely considered whether the state

court's treatment of the error constituted a separate violation of the Eighth Amendment. *See e.g. Johnson v. Mississippi,* 486 U.S. 578, 584–86, 108 S.Ct. 1981, 1986, 100 L.Ed.2d 575 (1988).

Because federal courts in habeas corpus proceedings lack jurisdiction over state law claims, the trial court and Court of Criminal Appeals erred in concluding that the *Middlebrooks* issue has been previously determined.

█ Having concluded that the trial court and Court of Criminal Appeals erred in finding the *Middlebrooks* issue previously determined, we must next consider the merits of the legal question—whether *Middlebrooks* precludes reliance upon the felony murder aggravating circumstance as a basis to support the death penalty when a jury returns a general verdict of guilty of first degree murder.

On this issue, Carter contends that *Middlebrooks* is violated by reliance upon the felony murder aggravating circumstance and he urges this Court to hold that the *Middlebrooks* error was not harmless. Emphasizing that a defendant is not convicted "solely" on the basis of felony murder when the jury returns a general verdict, the State argues that *Middlebrooks* does not apply. The State alternatively argues that this Court should affirm the sentence because the proof establishes premeditation beyond a reasonable doubt.

█ Initially, we note that there is no constitutional or statutory prohibition against a jury rendering a general verdict of guilty of first degree murder where both premeditated and felony murder are charged and submitted to the jury. *Schad v. Arizona,* 501 U.S. 624, 111 S.Ct. 2491, 115 L.Ed.2d 555 (1991); Tenn.Code Ann. § 40–18–111 and – 112 (1990 Repl.); *State v. Coe,* 655 S.W.2d 903 (Tenn.1983).[6] Moreover, in this case we

---

5. *Henry v. Mississippi,* 379 U.S. 443, 453, 85 S.Ct. 564, 570, 13 L.Ed.2d 408 (1965) ("The Court is not blind to the fact that the federal habeas corpus jurisdiction has been a source of irritation between the federal and state judiciaries.")

6. By so stating, we do not imply that jury instructions requiring increased verdict specificity are not desirable. Indeed, in light of *Middlebrooks,* trial courts should submit verdict forms which require juries to specify whether a guilty verdict is based on premeditated or felony murder. Of course a finding on either or both will support only one conviction for first degree mur-

are of the opinion that *Middlebrooks* does not preclude reliance on the felony murder aggravating circumstance to support the death penalty. The defendant was tried on a one count indictment charging *both* premeditated and felony first degree murder.[7] Therefore, in the context of this case, the jury's verdict finding the defendant guilty of the offense charged constitutes a finding of both premeditated and felony first degree murder.

The concern expressed by a majority of this Court in *Middlebrooks* was that the felony murder aggravating circumstance does not sufficiently narrow the class of death-eligible offenders when a defendant has been convicted solely on the basis of felony murder because it duplicates the elements of the underlying offense. The lack of narrowing resulting from duplication is not present when a jury convicts a defendant of first degree murder upon a single count indictment charging *both* premeditated and felony murder. *Compare State v. Hurley*, 876 S.W.2d 57, 69 (Tenn.1993) (Reid, C.J., and Daughtrey, J., dissenting) (Where defendant was convicted of both premeditated and felony first degree murder upon a two count indictment, this Court affirmed the conviction for premeditated murder, vacated the conviction for felony murder, and upheld the sentence of death which was based upon the felony murder aggravating circumstance.) Therefore, the aggravating circumstance, under these facts, is a sufficient narrowing device and no constitutional infirmity is present. *Compare State v. Hines*, 919 S.W.2d 573, 583 (Tenn.1995) (Reid, J. dissenting) (Where a felony other than that used to prove the substantive offense is used to es-

tablish the aggravating circumstance, there is no constitutional prohibition against the use of the felony murder aggravating circumstance to support imposition of the death penalty.) Accordingly, we reject Carter's assertion that use of the felony murder aggravating circumstance in this case violates *Middlebrooks*.

### B. Full and Fair Hearing—*Brady*

Citing the interlocutory nature of the district court's orders,[8] Carter next argues that his *Brady* claims have not been previously determined because he was not afforded a "full and fair hearing," as required by the statute. *See* Tenn.Code Ann. § 40–30–112(a) (1990 & Supp.1994) (Repealed); Tenn. Code Ann. § 40–30–206(h) (1996 Supp.). We disagree. Recently, in *House v. State*, 911 S.W.2d 705, 711 (Tenn.1995), this Court held that "a full and fair hearing sufficient to support a finding of previous determination occurs if a petitioner is given the opportunity to present proof and argument on the claim." From the opinion of the federal district court, it is apparent that Carter was afforded a "full and fair hearing" on his alleged *Brady* violation. Therefore, we affirm the lower court's finding that the *Brady* claim has been previously determined.

### *REASONABLE DOUBT INSTRUCTION*

Finally, Carter contends that the trial court and Court of Criminal Appeals erred by rejecting his claim that the jury instructions on reasonable doubt given at his trial violated *Cage v. Louisiana*, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990) and its

---

der. *State v. Hurley*, 876 S.W.2d 57, 69 (Tenn. 1993)(Reid, C.J. and Daughtrey, J., dissenting). Even though it is not constitutionally or legislatively required, specificity in the verdict is desirable and conducive to accurate sentencing determinations and effective appellate review. *See Schad*, 501 U.S. at 645, 111 S.Ct. at 2504.

7. The language of the indictment was as follows: "The Grand Jurors for the State and County aforesaid, upon their oath present and say that James David Carter on or about the 17th day of February 1984, in the State and County aforesaid did unlawfully, willfully, deliberately, maliciously and with premeditation did shoot and kill Clarence Allen Lile, by means of shooting said Clar-

ence Allen Lile, with a certain dangerous and deadly weapon, to wit: a .32 pistol, that said murder was perpetrated while the defendant was engaged in the commission of one, more than one, or all of the following felonies to wit: kidnaping of Clarence Allen Lile, armed robbery of Clarence Allen Lile, and or grand larceny of a vehicle in the lawful possession of Clarence Allen Lile, Against the peace and dignity of the State of Tennessee."

8. Carter concedes, and rightly so since he is alleging the violation of a federal right, that the district court was a "court of competent jurisdiction" to decide his *Brady* claim.

progeny. Specifically, Carter objects to the phrase "moral certainty," used in the instructions. Recently, in *State v. Nichols*, 877 S.W.2d 722, 734 (Tenn.1994), this Court held that the "use of the phrase 'moral certainty' by itself is insufficient to invalidate an instruction on the meaning of reasonable doubt." The phrase is permissible if the context in which the instruction is given "clearly convey[s] the jury's responsibility to decide the verdict based on the facts and law." *Id.* The instructions given at Carter's trial clearly conveyed the jury's responsibility and satisfied that standard. Accordingly, this issue is without merit.

## CONCLUSION

Because we conclude that the issues raised have either been previously determined or are without merit, we affirm the judgment of the Court of Criminal Appeals upholding the trial court's dismissal of Carter's third petition for post-conviction relief. The defendant's sentence of death by electrocution is affirmed and shall be carried out as provided by law on the 20th day of February, 1998, unless otherwise ordered by this Court, or other proper authorities.

ANDERSON, C.J., and REID, BIRCH and HOLDER, JJ., concur.