IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

MARCH 1998 SESSION



FILED

**March 26, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

REGINALD S. MABONE,          )
                             )
          APPELLANT,         )
                             )          No. 02-C-01-9705-CR-00181
                             )
                             )          Shelby County
v.                           )
                             )          Honorable W. Fred Axley, Judge
                             )
                             )          (Post-Conviction Relief)
STATE OF TENNESSEE,          )
                             )
          APPELLEE.          )


FOR THE APPELLANT:                    FOR THE APPELLEE:

Brett B. Stein                        John Knox Walkup
Attorney at Law                       Attorney General & Reporter
236 Adams Avenue                      425 Fifth Avenue, North
Memphis, TN 38103                     Nashville, TN 37243-0497

                                      Elizabeth T. Ryan
                                      Assistant Attorney General
                                      425 Fifth Avenue, North
                                      Nashville, TN 37243-0493

                                      William L. Gibbons
                                      District Attorney General
                                      201 Poplar Avenue, Suite 3-01
                                      Memphis, TN 38103

                                      Rhea Cliff
                                      Assistant District Attorney General
                                      201 Poplar Avenue, Suite 3-01
                                      Memphis, TN 38103


OPINION FILED:_____


AFFIRMED


Joe B. Jones, Presiding Judge

# OPINION

The appellant, Reginald S. Mabone (petitioner), appeals as of right from a judgment of the trial court dismissing his post-conviction action following an evidentiary hearing. In this court, the petitioner contends he is entitled to post-conviction relief because (a) the assistant district attorney general read the indictment at the commencement of his trial, (b) the language contained in the reasonable doubt instruction given to the jury violated the Sixth and Fourteenth Amendments, and (c) his sentence was enhanced by convictions predicated upon guilty pleas which were constitutionally infirm. After a thorough review of the record, the briefs submitted by the parties, and the law governing the issues presented for review, it is the opinion of this court that the judgment of the trial court should be affirmed.

The record reflects the assistant district attorney general read the indictment after the jury had been sworn. The petitioner then entered his not guilty plea. The parties were then afforded the opportunity to make opening statements. The petitioner argues that allowing the assistant district attorney general to read the indictment in the presence of the jury violated the Sixth and Fourteenth Amendments to the United States Constitution. However, the petitioner concedes "this Court has never . . . held that such procedure violates the defendant's constitutional right of being presumed innocent." The State of Tennessee (state) contends this ground has been waived.

The petitioner is not entitled to relief on this ground. First, it is not rooted in either the United States Constitution or the Tennessee Constitution. Tenn. Code Ann. § 40-30-105 (repealed 1995) provided:

> Relief under this chapter shall be granted when the conviction or sentence is void or voidable because of the abridgement in any way of any right guaranteed by the constitution of this state or the Constitution of the United States, including a right that was not recognized as existing at the time of the trial if either constitution requires retrospective application of that right.

Second, this ground has been waived. The petitioner did not raise this issue in his motion for a new trial or in his appeal as of right. Tenn. Code Ann. § 40-30-112(b)(1) and (b)(2) (repealed 1995) stated:

2

A ground for relief is "waived" if the petitioner knowingly and understandingly failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented.

There is a rebuttable presumption that a ground for relief not raised in any such proceeding which was held was waived.

In this case, the petitioner has not attempted to rebut the presumption of waiver.

This issue is without merit.

The ground alleging the reasonable doubt instruction was unconstitutional has been waived. The petitioner did not object to the giving of the instruction, failed to include this ground in his motion for a new trial, and failed to raise it in his appeal as of right. Tenn. Code Ann. § 40-30-112(b)(1) and (b)(2) (repealed 1995). Moreover, the appellate courts of this state have consistently ruled that like or similar reasonable doubt instructions do not offend either the United States Constitution or the Tennessee Constitution. See Carter v. State, 958 S.W.2d 620, - - - (Tenn. 1997); State v. Nichols, 877 S.W.2d 722, 734 (Tenn. 1994), cert. denied, 513 U.S. 1114, 115 S.Ct. 909, 130 L.Ed.2d 791 (1995); State v. Sexton, 917 S.W.2d 263, 265-66 (Tenn. Crim. App. 1995); Pettyjohn v. State, 885 S.W.2d 364, 366 (Tenn. Crim. App.), per. app. denied (Tenn. 1994); State v. Hallock, 875 S.W.2d 285, 293-94 (Tenn. Crim. App. 1993), per. app. denied (Tenn. 1994).

This issue is without merit.

The attempt to resurrect the convictions used to enhance the sentence imposed by the trial court on the ground the convictions were predicated upon constitutionally infirm guilty pleas is barred by the statute of limitations. Tenn. Code Ann. § 40-30-102 (repealed 1995). The guilty pleas were entered on May 17, 1978, January 19, 1981, and June 21, 1988. The petitioner instituted this suit on October 25, 1993. Moreover, even if this issue was not barred by the statute of limitations, this court could not reach the merits of the issue. The record does not contain the petition to enter the guilty pleas or the order permitting the entry of the pleas.

This issue is without merit.

_____
JOE B. JONES, PRESIDING JUDGE

3

CONCUR:


_____
     GARY R. WADE, JUDGE


_____
     JERRY L. SMITH, JUDGE