# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### FEBRUARY 1998 SESSION



**FILED**

**April 22, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **LARRY PITTMAN,** | ) | |
| Appellant, | ) | **C.C.A. NO. 02C01-9704-CC-00138** |
| | ) | |
| VS. | ) | **MADISON COUNTY** |
| | ) | |
| **STATE OF TENNESSEE,** | ) | **HON. FRANKLIN MURCHISON,** |
| | ) | **JUDGE** |
| Appellee. | ) | |
| | ) | (Post-conviction) |

FOR THE APPELLANT:          FOR THE APPELLEE:

**GEORGE GOOGE**
Public Defender

**DANIEL J. TAYLOR**
Asst. Public Defender
227 West Baltimore
Jackson, TN 38301

**JOHN KNOX WALKUP**
Attorney General & Reporter

**KENNETH W. RUCKER**
Asst. Attorney General
425 Fifth Ave., North
Cordell Hull Bldg., Second Fl.
Nashville, TN 37243-0493

**JERRY WOODALL**
District Attorney General

**AL EARLS**
Asst. District Attorney General
P.O. Box 2825
Jackson, TN 38301

OPINION FILED:_____


**AFFIRMED**


**JOHN H. PEAY,**
Judge

# **O P I N I O N**

A Madison County jury convicted the petitioner of armed robbery in May 1984. The petitioner appealed, and this Court affirmed his conviction on April 23, 1986.[1] He then applied for permission to appeal to the Supreme Court, but his application was denied on July 28, 1986. The petitioner then filed a post-conviction petition alleging ineffective assistance of counsel. His petition was denied and this Court affirmed the denial on May 18, 1988.[2] The petitioner then filed a second petition for post-conviction relief on May 9, 1996. In this petition, he alleges that the "moral certainty" jury instruction is not constitutionally valid.

First, we are unsure as to why the trial court did not dismiss this petition for being filed outside the statute of limitations. When the petition was argued, no one questioned its timeliness. The State's brief suggests that the trial court was under the impression that the Post-Conviction Procedure Act of 1995 allowed all petitioners an additional year in which to file their petition regardless of whether the original three year statute of limitations had expired. While a panel of this Court did so hold in at least one case,[3] this issue has now been decided by the Supreme Court. In Carter v. State, 952 S.W.2d 417 (Tenn. 1997), the Court determined that the new act does not provide an additional year to those petitioners whose statute of limitations had expired under the old act. Thus, in this case, the trial court should not have entertained this petition. The defendant's conviction became final in 1986. By filing this second petition in 1996, he is

---

[1]State v. Larry Pittman, No. 20, Madison County (Tenn. Crim. App. filed April 23, 1986, at Jackson)(perm. to app. denied July 28, 1986).

[2]Larry Pittman v. State, No. 21, Madison County (Tenn. Crim. App. filed May 18, 1988, at Jackson)(perm. to app. denied Aug. 29, 1988).

[3]See Arnold Carter v. State, No. 03C01-9509-CC-00270, Monroe County (Tenn. Crim. App. filed July 11, 1996, at Knoxville).

clearly outside the statute of limitations. This petition should have been dismissed on this ground.

Second, even if the petition had been filed on time, the petitioner is not entitled to any relief. In addressing the very issue raised by this petitioner, the Supreme Court stated that the phrase "moral certainty" in a jury instruction is "permissible if the context in which the instruction is given 'clearly convey[s] the jury's responsibility to decide the verdict based on the facts and the law.'" Carter v. State, 958 S.W.2d 620, 626 (Tenn. 1997) quoting State v. Nichols, 877 S.W.2d 722, 734 (Tenn. 1994). The jury instruction used in this case satisfied the standard, and thus, the issue raised by this petition is without merit. The dismissal of the petition is affirmed.

_____
JOHN H. PEAY, Judge


CONCUR:


_____
JOSEPH B. JONES, Judge


_____
THOMAS T. WOODALL, Judge

3