# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### MAY 1998 SESSION

FILED

July 14, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

TIMOTHY EUGENE MORRIS,          )
                                )    NO. 03C01-9708-CR-00351
    Appellant,                  )
                                )    GREENE COUNTY
VS.                             )
                                )    HON. WILLIAM H. INMAN,
STATE OF TENNESSEE,             )    JUDGE
                                )
    Appellee.                   )    (Post-Conviction - Death Penalty)


**FOR THE APPELLANT:**

**GREG W. EICHELMAN**
District Public Defender

**MICHAEL A. WALCHER**
Assistant District Public Defender
1609 College Park Drive, Box 11
Morristown, TN  37813-1618

**JAMES S. ROACH**
Attorney at Law
P. O. Box 1495
Johnson City, TN  37605-1495

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**MICHAEL E. MOORE**
Solicitor General

**KENNETH RUCKER**
**JOHN BAKER**
Assistant Attorneys General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN  37243-0493

**C. BERKELEY BELL, JR.**
District Attorney General

**ERIC D. CHRISTIANSEN**
Assistant District Attorney General
109 South Main, Ste. 501
Greeneville, TN  37743


**OPINION FILED:** _____


**AFFIRMED**


**JOE G. RILEY,**
**JUDGE**

# O P I N I O N

Petitioner, Timothy Eugene Morris, appeals the dismissal of his second post-conviction relief petition by the Criminal Court of Greene County. He was previously convicted in 1981 of first degree murder and sentenced to death. In this Court he contends the trial court erred in dismissing the petition and alleges the following in this appeal:

    1.    The trial court's instruction on malice was unconstitutional.

    2.    The trial court's instruction on reasonable doubt was unconstitutional.

    3.    There was insufficient evidence to support a finding of first degree murder.

    4.    The trial court improperly failed to define "mitigating evidence" or "mitigation."

    5.    The jury was not informed about the meaning of a non-unanimous verdict and was told they had to return a non-unanimous verdict, both being constitutional violations.

    6.    The jury was improperly told that mitigating evidence had to be "sufficiently substantial" before a life sentence could be imposed.

    7.    The prosecution engaged in misconduct.

    8.    Introduction of the decedent's skull and a rock purportedly used as a weapon against the victim was improper.

    9.    The prosecution failed to establish that petitioner's statement to authorities was voluntary.

    10.    Authorities illegally seized without a warrant a pickup truck driven by petitioner.

    11.    The state destroyed evidence in bad faith.

    12.    The trial court's instruction on premeditation was unconstitutional.

    13.    The jury was erroneously denied parole eligibility information.

    14.    The statutory review conducted by the Tennessee Supreme Court on direct appeal was constitutionally inadequate.

15. Electrocution constitutes cruel and unusual punishment.

16. The trial court failed to specify the specific felony for the felony murder aggravating factor.

17. The certified copy of the previous voluntary manslaughter conviction was not adequate proof of the crime of violence aggravator.

18. A death sentence may not stand when the jury sentencer was presented no evidence concerning mitigation, where no attack was mounted on the aggravators and where no attorney involved in the sentencing has ever stated a tactical, strategical or logical reason why sentencing was left blank.

19. The cumulative effect of all errors at trial and on appeal violated Due Process.

20. Petitioner was denied a full and fair post-conviction hearing because: (a) the trial court refused to appoint counsel who had extensive knowledge of the case; (b) the trial court failed to provide expert funds as requested; and (c) the trial court failed to provide petitioner access to TBI documents.

We conclude that the petition was properly dismissed and AFFIRM the judgment of the trial court.

## PROCEDURAL HISTORY

Petitioner was convicted by a Greene County jury of first degree murder and sentenced to death. The conviction and sentence were affirmed by the Tennessee Supreme Court on direct appeal. State v. Morris, 641 S.W.2d 883 (Tenn. 1982). Certiorari was denied by the United States Supreme Court. Morris v. State, 460 U.S. 1047, 103 S.Ct. 1450, 75 L.Ed.2d 804 (1983).

On July 26, 1983, petitioner filed his first petition for post-conviction relief. After an evidentiary hearing, the trial court denied relief. This Court affirmed the dismissal of the petition. Timothy Eugene Morris v. State, C.C.A. No. 218, Greene County (Tenn. Crim. App. filed September 11, 1985, at Knoxville). The Tennessee Supreme Court denied permission to appeal on January 21, 1986.

Petitioner filed the subject petition for post-conviction relief on January 19, 1987. Although the petition was originally dismissed based upon the statute of

3

limitations, the petition was subsequently reinstated. Amended petitions were filed on June 30, 1989, and January 18, 1995.[1]

Petitioner filed a motion seeking investigative and expert assistance on February 7, 1995. Although the trial court denied relief, the Tennessee Supreme Court ultimately remanded to the trial court for further proceedings on this issue. Timothy Eugene Morris v. State, No. 03C01-9503-CR-00068 (Tenn. filed December 4, 1995, at Knoxville). Upon remand, the trial court authorized funds for a mitigation specialist and a clinical psychologist.

An evidentiary hearing was conducted in February 1997. On March 12, 1997, the trial court entered extensive Findings of Fact and Conclusions of Law denying post-conviction relief. Upon appeal, this case was orally argued in this Court on May 27, 1998.

## STANDARD OF REVIEW

Since the petition was filed prior to May 10, 1995, it is not controlled by the Post-Conviction Procedure Act of 1995. *See* Tenn. Code Ann. § 40-30-201 Compiler's Notes (1997). Instead, the petition is controlled by the Post-Conviction statutes contained in Tenn. Code Ann. § 40-30-101 et. seq. (1990).

Some of the issues raised by the petitioner in the present petition have been "previously determined" on direct appeal and/or in the appeal from the denial of the first post-conviction relief petition. A ground for relief is "previously determined" if a court of competent jurisdiction has ruled on the merits after a full and fair hearing. Tenn. Code Ann. § 40-30-112(a)(1990). A "full and fair hearing" is afforded whenever a petitioner is given every opportunity to litigate his constitutional complaints in a state forum. House v. State, 911 S.W.2d 705, 711 (Tenn. 1995).

Many of the issues raised by petitioner have been "waived." A ground for relief is "waived" if the petitioner knowingly and understandingly fails to present it in a prior proceeding before a court of competent jurisdiction in which the ground could

---

[1]The record does not reveal the reason for the lengthy delay in the trial court.

4

have been presented. Tenn. Code Ann. § 40-30-112(b)(1)(1990). There is a rebuttable presumption that a ground for relief not raised in any such proceeding was waived. Tenn. Code Ann. § 40-30-112(b)(2)(1990). This rebuttable presumption of waiver is not overcome by an allegation that the petitioner did not personally fail to raise the issue, since waiver is to be determined by an objective standard. House, 911 S.W.2d at 714. Furthermore, an allegation that petitioner had ineffective counsel during prior post-conviction proceedings is insufficient to rebut the presumption of waiver. Id. at 712.

## MALICE JURY INSTRUCTION

In issue 1 petitioner challenges the jury instruction that "the killing is presumed to be malicious" alleging it to be in violation of Sandstrom v. Montana, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). The post-conviction court found that the presumption of waiver had been rebutted; however, the court found the Sandstrom violation to be harmless error.

The 1979 Sandstrom decision held that a jury instruction creating a presumption has the effect of shifting the burden of proof to the defendant and is, therefore, a violation of due process. 442 U.S. at 524, 99 S.Ct. at 2459, 61 L.Ed.2d at 51. Sandstrom was decided two (2) years prior to defendant's original trial in 1981 and four (4) years prior to the filing of the first petition for post-conviction relief. Yet, the issue was not raised in either proceeding.

In applying the statute of limitations to a Sandstrom claim, the Tennessee Supreme Court held that Sandstrom had been applied to Tennessee proceedings for several years and was not a "later arising ground" under Burford v. State, 845 S.W.2d 204 (Tenn. 1992). Sands v. State, 903 S.W.2d 297, 302 (Tenn. 1995). In fact, a Sandstrom violation was recognized, yet found to be harmless error, in State v. Chavis, 617 S.W.2d 903, 908 (Tenn. Crim. App. 1980), *perm. to app. denied* (Tenn. 1981). Since this issue was not presented on direct appeal nor in the first petition for post-conviction relief, the issue is waived.

5

In addition, we agree with the trial court's finding that this jury instruction constituted harmless error. Sandstrom violations are subject to harmless error analysis. Rose v. Clark, 478 U.S. 570, 582, 106 S.Ct. 3101, 3108, 92 L.Ed.2d 460, 473-74 (1986); State v. Taylor, 771 S.W.2d 387, 397 (Tenn. 1989). The victim's skull had been severely crushed, and his body had been dragged through underbrush 139 feet from a roadway. State v. Morris, 641 S.W.2d at 886. In addition to the finding of malice, the jury concluded that the homicide was willful, deliberate and premeditated. See Tenn. Code Ann. § 39-2402(a) (Supp.1980). The evidence clearly supported these findings. State v. Morris, 641 S.W.2d at 887. We agree with the trial court's conclusion that the malice jury instruction constituted harmless error.

## MISCELLANEOUS ISSUES

In issue 2 petitioner attacks the "reasonable doubt" jury instruction given in his original trial. Firstly, this issue is waived since it was not raised in the direct appeal nor in the first petition for post-conviction relief. Secondly, the "reasonable doubt" jury instruction is constitutional. See Carter v. State, 958 S.W.2d 620, 626 (Tenn. 1997).

In issue 3 petitioner contends the evidence was insufficient to support the conviction. This issue was previously determined on the direct appeal. Morris, 641 S.W.2d at 887.

In issues 4, 5 and 6 petitioner attacks the original trial court for failing to define mitigating evidence, failing to inform the jury about the meaning of a non-unanimous verdict and telling the jury that mitigating evidence had to be "sufficiently substantial" in order to impose a life sentence. All of these issues are waived for failure to raise them on direct appeal and in the first petition for post-conviction relief.

In issue 7 petitioner alleges prosecutorial misconduct. This issue was

previously determined in the appeal of the denial of the first petition for post-conviction relief. Timothy Eugene Morris v. State, slip op. at 33-34.

In issues 8 and 9 petitioner attacks the introduction into evidence of the victim's skull, a rock and petitioner's statement to authorities. Each of these issues was previously determined on direct appeal. Morris, 641 S.W.2d at 888.

In issues 10 and 11 petitioner attacks the illegal seizure of a pickup truck and the destruction of evidence by the state. These issues are waived for failure to present them in prior proceedings.

In issue 12 petitioner attacks the jury instruction on "premeditation" as being in violation of the holding in State v. Brown, 836 S.W.2d 530 (Tenn. 1992). Brown is not to be applied retroactively; does not implicate a constitutional right; and may not be used as a basis for post-conviction relief. Harris v. State, 947 S.W.2d 156, 174 (Tenn. Crim. App. 1996).

In issue 13 petitioner contends the jury was improperly denied parole eligibility information. This issue was previously determined in the appeal of the denial of the first petition for post-conviction relief. Timothy Eugene Morris v. State, slip op. at 19-20. The allegation is otherwise without merit. *See* State v. Bush, 942 S.W.2d 489, 503-504 (Tenn. 1997).

In issue 14 petitioner contends the statutory review conducted by the Tennessee Supreme Court on direct appeal was inadequate. This issue is waived by the failure to present it in the first petition for post-conviction relief and is otherwise without merit. *See* State v. Barber, 753 S.W.2d 659, 664 (Tenn. 1988).

In issue 15 petitioner contends that death by electrocution constitutes cruel and unusual punishment. This issue is waived and is otherwise without merit. *See* State v. Howell, 868 S.W.2d 238, 258 (Tenn. 1993) *cert. denied* 510 U.S. 1215, 114 S.Ct. 1339, 127 L.Ed.2d 687 (1994).

In issue 16 petitioner attacks the failure of the trial court to specify the specific felony supporting the felony murder aggravating factor. This issue was previously determined on the appeal from the denial of the first petition for post-conviction relief. Timothy Eugene Morris v. State, slip op. at 21.

In issue 17 petitioner alleges the admission into evidence of a certified copy of his prior voluntary manslaughter conviction was insufficient to establish a prior conviction involving violence. This issue has been previously determined. Morris, 641 S.W.2d at 883; Timothy Eugene Morris v. State, slip op. at 15.

In issue 18 petitioner alleges the death penalty must be set aside since no mitigation evidence was presented. This is an indirect attack on effective assistance of counsel. The issue of effective assistance of counsel has previously been determined on the appeal from the denial of the first petition for post-conviction relief. Timothy Eugene Morris v. State, slip op. at 9-13. Furthermore, the death penalty has been previously determined to be proper in this case. Morris, 641 S.W.2d at 889-90.

In issue 19 petitioner alleges the cumulative effect of all errors constitutes a Due Process violation. In the direct appeal as well as the appeal from the denial of the first petition for post-conviction relief, petitioner's allegations were rejected. The record does not reveal cumulative errors. This issue is without merit.


## DEPRIVATION OF FAIR POST-CONVICTION HEARING


In issue 20 petitioner alleges he was deprived of a full and fair post-conviction hearing for the following reasons:

> 1. The post-conviction court improperly refused to re-appoint one of petitioner's prior attorneys;
>
> 2. The post-conviction court improperly denied expert services; and
>
> 3. The post-conviction court improperly denied access to TBI documents.


## A.

Prior counsel, John Oliva, was employed by the Tennessee Capital Case Resource Center. When the Center was defunded, Oliva sought to be re-appointed. The post-conviction court found that Oliva resided over 250 miles from Greeneville which would result in substantial state expenses. The court further

8

found petitioner had other counsel familiar with the case and also appointed the public defender to assist in petitioner's representation. We find no error in this regard. *See* State v. Smith, 755 S.W.2d 757, 766 (Tenn. 1988).

**B.**

Although the trial court authorized expert services for a mitigation expert and a clinical psychologist, petitioner contends other expert assistance should have been authorized. At the *ex parte* hearing, only the mitigation specialist and the clinical psychologist testified. Petitioner's request for their services was granted pursuant to Owens v. State, 908 S.W.2d 923 (Tenn. 1995). Petitioner does not make an appropriate reference to the record as to which services were denied. *See* Tenn. Crim. App. Rule 10(b). The issue is waived. Although a transcript of the *ex parte* hearing is in the record, documentation and the so-called "sealed record" requesting experts in addition to the mitigation specialist and clinical psychologist are not in the record. It is appellant's responsibility to provide an appropriate record for review. *See* State v.Ballard, 855 S.W.2d 557, 560 (Tenn. 1993).

Petitioner's brief in an unrelated issue refers to the post-conviction court's refusal to authorize funds for a forensic anthropologist to investigate cause of death, a surveyor to investigate proper venue of the homicide and an investigator to investigate other guilt-innocence issues. Issues relating to the cause of death, venue and guilt-innocence have been previously determined or waived. Thus, the post-conviction court would not be in error for failing to authorize funds relating to these issues.

**C.**

Finally, petitioner contends he has been denied access to TBI documents. Petitioner does not make an appropriate reference to the record. *See* Tenn. Crim. App. Rule 10(b). This issue is waived. Furthermore, our examination of the record does not reveal any basis for relief as to this issue.

## CONCLUSION

Finding no error, we affirm the judgment of the trial court. <u>The sentence of death shall be carried out as provided by law on October 30, 1998, unless otherwise ordered by an appropriate court</u>.

                                               _____
                                               **JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**JOSEPH M. TIPTON, JUDGE**

_____
**CURWOOD WITT, JUDGE**