# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## JULY 1998 SESSION

FILED

August 21, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

DERRICK K. GARRIN,                    )        NO. 02C01-9707-CR-00272
                                      )
          Appellant,                  )        SHELBY COUNTY No. P-17200
                                      )
VS.                                   )        HON. JOSEPH B. DAILEY,
                                      )        JUDGE
STATE OF TENNESSEE,                   )
                                      )        AFFIRMED - RULE 20
          Appellee.                   )

## ORDER

This is a post-conviction matter.  The petitioner was originally convicted by a jury of two (2) counts of felony murder and two (2) counts of attempted second degree murder.  He received an effective sentence of life imprisonment plus twenty-one (21) years.  This court subsequently affirmed those convictions. State v. Derrick K. Garrin, C.C.A. No. 02C01-9501-CR-00028, Shelby County (Tenn. Crim. App. filed May 24, 1996, at Jackson).

The petitioner complains that he was deprived of effective assistance of counsel at both the trial and appellate levels.  The petitioner alleges counsel was deficient for: (1) failing to effectively cross-examine a state's witness, (2) failing to call certain witnesses, and (3) failing to present mitigating evidence at his sentencing hearing.  Further, petitioner complains appellate counsel failed to properly challenge the "moral certainty" jury charge, and the post-conviction court committed plain error when it refused to provide him with a portion of the trial transcript during the post-conviction hearing in order to contest a "dynamite" jury charge.

With regard to the ineffective assistance of counsel claim, we find the petitioner fails to present even a colorable claim of deficient representation.  The trial court found the petitioner received "outstanding representation."  The evidence does not preponderate otherwise.

Any alleged error regarding the "moral certainty" jury charge was waived by the failure to present it on direct appeal. Furthermore, the "moral certainty" jury charge was proper. *See* <u>Carter v. State</u>, 958 S.W.2d 620, 626 (Tenn. 1997).

Likewise, any alleged error regarding a "dynamite" jury charge was waived by the failure to present it on direct appeal. Further, this allegation is not set forth in the petition or amended petition; thus, the post-conviction court properly refused to consider it. *See* Tenn. Code Ann. § 40-30-210(c).

After thoroughly reviewing the record, the briefs, and the law governing the issues presented by the petitioner, we conclude the evidence does not preponderate against the findings of the trial court that the petitioner received effective assistance of counsel. Further, no error of law requiring a reversal of judgment is apparent. Accordingly, pursuant to Rule 20 of the Tennessee Court of Criminal Appeals, we affirm the judgment of the trial court. Costs are taxed to the state as the appellant is indigent.

All of which is so ordered.

_____
**JOE G. RILEY, JUDGE**

_____
**CURWOOD WITT, JUDGE**

_____
**ROBERT W. WEDEMEYER,**
 **SPECIAL JUDGE**

2