IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

AUGUST 1998 SESSION

FILED

October 6, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| BILLY JOE LINTICUM, | ) | C.C.A. NO. 03C01-9710-CR-00458 |
| | ) | |
| Appellant, | ) | HAMILTON COUNTY NO. 210653 |
| | ) | |
| VS. | ) | HON. STEPHEN M. BEVIL, |
| | ) | JUDGE |
| STATE OF TENNESSEE, | ) | |
| | ) | AFFIRMED - RULE 20 |
| Appellee. | ) | |

ORDER

The petitioner was convicted by a jury of first degree murder in 1975 and sentenced to death. This Court affirmed the conviction, but the sentence was commuted to life imprisonment by executive action. Hamilton v. State, 555 S.W.2d 724 (Tenn. Crim. App. 1977).

The petitioner filed a *pro-se* petition for post-conviction relief on May 9, 1996, alleging that the "reasonable doubt" jury instruction given at his trial violated his constitutional rights. Counsel was appointed, and an amended petition was filed. After a hearing, the trial court dismissed the petition finding the jury instruction did not violate the petitioner's rights.

First, the petitioner's claims are barred by the statute of limitations. The petitioner's claims fall under the purview of the former Post-Conviction Procedure Act. Tenn. Code Ann. § 40-30-102 (repealed 1995). The prior act provided a three-year statute of limitation commencing on July 1, 1986, for offenses which had received final action from the highest state appellate court to which an appeal was taken prior to that date. Tenn. Code Ann. § 40-30-102 (repealed 1995). As the Tennessee Supreme Court denied *certiorari* on the petitioner's direct appeal August 1, 1977, the statute of limitations for the petitioner expired July 1, 1989.

Were the petition not time barred, the petitioner's argument is without merit. The "moral certainty" language complained of has withstood constitutional

challenges.  *See* <u>Carter v. State</u>, 958 S.W.2d 620, 626 (Tenn. 1997); <u>State v. Nichols</u>, 877 S.W.2d 722, 734 (Tenn. 1994).

It is, therefore, ORDERED that the judgment of the trial court be affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.  Costs are taxed to the state as the petitioner is indigent.


_____
**JOE G. RILEY, JUDGE**

**CONCUR:**


_____
**JOSEPH M. TIPTON, JUDGE**


_____
**THOMAS T. WOODALL, JUDGE**