IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

MARCH 1998 SESSION


JERRY LEE FINCH,             *      NO. 02C01-9707-CC-00293

            Appellant,       *      LAUDERDALE COUNTY

VS.                          *      Hon. Joseph H. Walker, Judge

STATE OF TENNESSEE,          *      (Post-Conviction)

            Appellee.        *

FILED

June 4, 1998

Cecil Crowson, Jr.
Appellate Court Clerk


For Appellant:                      For Appellee:

D. Michael Dunavant                 John Knox Walkup
Bank of Ripley Building             Attorney General & Reporter
P.O. Box 150
Ripley, TN  38063                   Elizabeth T.  Ryan
                                    Assistant Attorney General
                                    Cordell Hull Building, 2nd Floor
                                    425 Fifth Avenue North
                                    Nashville, TN  37243-0493

                                    Elizabeth T. Rice
                                    District Attorney General

                                    Mark E. Davidson
                                    Assistant District Attorney General
                                    302 Market Street
                                    Somerville, TN  38068



OPINION FILED: _____



AFFIRMED



GARY R. WADE, JUDGE

The petitioner, Jerry Lee Finch, appeals as of right from a judgment of the trial court dismissing his petition for post-conviction relief. The single issue presented for our review is whether the petitioner was denied the effective assistance of counsel. We find no error and affirm the judgment of the trial court.

The petitioner was convicted of aggravated robbery and sentenced as a Range II, multiple offender to twenty years. This court affirmed on direct appeal. State v. Jerry Lee Finch, C.C.A. No. 02C01-9309-CC-00224 (Tenn. Crim. App., at Jackson, June 7, 1995). Our supreme court denied permission to appeal. Later, the petitioner filed a timely petition for post-conviction relief and was appointed counsel. The trial court conducted an evidentiary hearing and denied relief.

In this appeal, the petitioner contends the evidence preponderates against the trial court's findings that he was afforded effective assistance of counsel. He argues the evidence adduced at the evidentiary hearing shows that trial counsel failed to properly investigate his case, failed to contact alibi witnesses, and failed to object to the phrase "moral certainty" in the jury instruction on reasonable doubt.

The trial judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. Butler v. State, 789 S.W.2d 898, 899-900 (Tenn. 1990); Adkins v. State, 911 S.W.2d 334, 354 (Tenn. Crim. App. 1994). The trial court's findings of fact are afforded the weight of a jury verdict, and this Court is bound by the trial court's findings unless the evidence in the record preponderates against those findings. Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997); Dixon v. State, 934 S.W.2d 69, 72 (Tenn. Crim. App. 1996). This Court may not reweigh or reevaluate the evidence, nor substitute

2

its inferences for those drawn by the trial judge. Henley, 960 S.W.2d at 579; Massey v. State, 929 S.W.2d 399, 403 (Tenn. Crim. App. 1996); Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). Questions concerning the credibility of witnesses and the weight and value to be given to their testimony are resolved by the trial court, not this court. Henley, 960 S.W.2d at 579; Black, 794 S.W.2d at 755. The burden of establishing that the evidence preponderates otherwise is on petitioner. Henley, 960 S.W.2d at 579; Black, 794 S.W.2d at 755.

A claim of ineffective assistance of counsel is reviewed under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996); Overton v. State, 874 S.W.2d 6, 11 (Tenn. 1994); Butler, 789 S.W.2d at 899.

The test in determining whether counsel provided effective assistance is whether his performance was within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d at 936. The petitioner must overcome the presumption that counsel's conduct falls within the wide range of acceptable professional assistance. Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; State v. Williams, 929 S.W.2d 385, 389 (Tenn. Crim. App. 1996).

The petitioner has asserted that his counsel failed to locate and present alibi witnesses at trial. At the evidentiary hearing, the petitioner testified that prior to trial he provided his trial counsel with the name of his brother who saw him

3

washing a car in Ripley at the time the robbery occurred in Henning. The petitioner also testified that he informed his attorney that several young men were playing basketball across the street while he was washing the car, but that he did not know their names.

At the post-conviction hearing, the petitioner's brother, Lee Andrew Finch, testified that when he arrived home between 4:30 and 5:00 p.m. on the date in question, his brother was in the driveway washing a car. The petitioner's brother claimed that he was never contacted by anyone from the public defender's office in advance of the trial. Lee Finch also testified he did not attend his brother's trial because he did not know when it was held. During questioning by the trial judge, Lee Finch remembered his brother was washing the car on a Tuesday. In fact, the robbery was committed on a Wednesday. No other potential alibi witnesses testified at the post-conviction hearing.

The assistant district public defender, Julia Pillow, testified that she tried to develop an alibi defense. She explained, however, that the store clerk had identified the petitioner as the robber from a photograph. The petitioner's juvenile accomplice testified against him as well. Ms. Pillow stated that prior to the trial she asked an investigator from the public defender's office to locate the petitioner's brother and any other possible alibi witnesses. None could be found. Ms. Pillow explained to the court that it was her practice to note in her case file if witnesses could not be located. She believed that since her file did not indicate the witnesses could not be located, the witnesses were contacted but not helpful to the petitioner.

The record of the original trial indicates that the trial court held a jury-out conference at the conclusion of the state's proof. The petitioner stated that he

4

did not wish to testify. He confirmed that he had discussed potential defenses with his trial counsel and was satisfied with her representation, including the efforts to locate potential witnesses. He specifically acknowledged the investigator "attempted to contact some people and ... [was] not able to come up with anything in that regard."

The trial court observed that after the arrest and during the course of the investigation by the defense, the petitioner's brother did not offer to serve as an alibi witness. Moreover, he did not come forward at trial or within the days following the guilty verdict. In rejecting the petition, the trial court noted that the petitioner's brother came forward several years after the conviction; and even then the petitioner's brother testified as to the wrong date. In summary, the trial court rejected the authenticity of the belated claim. In our view, the evidence does not preponderate against the findings of the trial court.

In addition to his contention about the failure to adequately investigate and present alibi witnesses, the petitioner further asserts that trial counsel was ineffective by failing to object to the "moral certainty" language in the jury instruction on reasonable doubt. The petitioner concedes, however, that the use of the phrase is insufficient, standing alone, to invalidate the instruction. See Carter v. State, 958 S.W.2d 620, 626 (Tenn. 1997). He does argue that the instruction coupled with his counsel's failure to investigate and call alibi witnesses, resulted in representation which fell below acceptable standards. We disagree. In our assessment, trial counsel was not ineffective for failing to object to this portion of the jury charge.

Accordingly, the judgment of the trial court is affirmed.

5

_____
Gary R. Wade, Judge

CONCUR:


(see below)_____
Joe B. Jones, Presiding Judge



_____
Jerry L. Smith, Judge












       Honorable Joe B. Jones died May 1, 1998, and did not participate in this Opinion.  We acknowledge his faithful service to this Court, both as a member of the Court and as its Presiding Judge.