FILED

06/22/2021

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## STATE OF TENNESSEE v. RILEY CHRISTOPHER WILBURN

**Circuit Court for Giles County**
**No. CR-14592**

_____

**No. M2020-00130-CCA-R3-CD**

_____


JOHN EVERETT WILLIAMS, P.J., concurring


I agree with the majority's opinion that based upon the current status of caselaw, the indictment was not duplicitous and the resulting verdict did not violate the Defendant's right to a unanimous jury. However, I write separately to emphasize that while the language in the indictment and the resulting verdict were not unconstitutional, the practice employed by the State in drafting the indictment and by the trial court in failing to provide an enhanced unanimity instruction also is not advisable.

As set out in the majority opinion, DUI through impairment and DUI per se are not separate and distinct criminal offenses but are separate modes or theories by which to establish the single criminal offense of DUI. A plurality of the United States Supreme Court has recognized that "the jury need not agree as to mere means of satisfying the *actus reus* element of an offense" or "to the alternative means of satisfying the elements of *mens rea.*" *Schad v. Arizona*, 501 U.S. 624, 632 (1991) (plurality opinion), *abrogated on other grounds by Edwards v. Vannoy*, 141 S.Ct. 1547, 1556 n.4 (2021). In *Schad*, a plurality of the United States Supreme Court upheld a first degree murder conviction from Arizona although the indictment charged a single count of first degree murder based on the alternative theories of premeditated murder or felony murder and the jury returned a general verdict of guilt for first degree murder without specifying whether the verdict was based upon felony murder or premeditated murder. *Id.* at 632-45. The Court noted that Arizona recognized that premeditated murder and felony murder are not separate offenses but alternative means of satisfying the mens rea element of the single offense of first degree murder. *Id.* at 637-39. The Court stated that it had "never suggested that in returning general verdicts in such cases the jurors should be required to agree upon a single means of commission, any more than the indictments were required to specify one alone." *Id.* at 631; *see State v. Cribbs*, 967 S.W.2d 773, 787 (Tenn. 1998) (citing to *Schad* and holding that a general verdict of guilt on first degree murder is not unconstitutional even though some jurors may have convicted the defendant based upon proof of felony murder and

other jurors may have rendered a verdict based upon proof of premeditated murder).

The holding in *Schad* was based upon due process grounds because, at that time, the United States Supreme Court did not recognize that the Sixth Amendment right to a unanimous jury verdict applied to defendants convicted in state courts. *Schad*, 501 U.S. at 634 n.5, *abrogated by Edwards,* 141 S.Ct. at 1556 n.4. Nevertheless, the Court noted that the distinction between a due process analysis and an analysis under the Sixth Amendment was "immaterial to the problem of how to go about deciding what level of verdict specificity is constitutionally necessary." *Id.* Furthermore, the Tennessee Supreme Court noted no case in which the court has held that "the right to a unanimous jury verdict encompasses the right to have the jury unanimously agree as to the particular theory of guilt supporting conviction for a single crime." *State v. Keen*, 31 S.W.3d 196, 208 (Tenn. 2000) (citations omitted). Thus, while I question the validity of an indictment and a verdict under which six jurors may base their finding of guilt upon the provisions of DUI through impairment in Tennessee Code Annotated section 55-10-401(1), while the other six jurors base their finding of guilt upon the provisions of DUI per se in section 55-10-401(2), I am bound by the authority of the United States Supreme Court and the Tennessee Supreme Court holding such verdicts constitutionally permissible.

While both the United States Supreme Court and the Tennessee Supreme Court have upheld the use of general verdicts, both courts have discouraged their use. In *Schad*, the United State Supreme Court stated that it did not "suggest that jury instructions requiring increased verdict specificity are not desirable" and that the Supreme Court of Arizona had recognized the usefulness of separate verdict forms in cases submitted to the jury on alternative theory of premeditated and felony murder. *Schad*, 501 U.S. at 645 (citing *State v. Smith*, 774 P.2d 811, 817 (Ariz. 1989)). The Tennessee Supreme Court has stated that "[e]ven though it is not constitutionally or legislatively required, specificity in the verdict is desirable and conductive to accurate sentencing determinations and effective appellate review." *Carter v. State*, 958 S.W.2d 620, 624 n.6 (Tenn. 1997).

The use of general verdicts that allow the jury to consider alternative means of committing a criminal offense in returning a single verdict creates several issues for this court, as well as both parties, on appeal. Such cases may give rise to difficulties in evaluating the sufficiency of the evidence supporting the conviction, the impact of an improperly denied motion to suppress, or the impact of evidence that was otherwise erroneously admitted. Given the complications that may result, I question why the State would charge a defendant with alternative means of committing a criminal offense in the same count of an indictment and why the trial court would allow the jury to return a general verdict without specifying the means of committing the offense upon which their verdict is based. After reviewing the caselaw, I agree with the majority but conclude the better practice would be to charge separate offenses and require separate verdicts, which would

2

increase public confidence in the validity of the convictions.

_____

JOHN EVERETT WILLIAMS, PRESIDING JUDGE